UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
EDDIE JOE JOHNSON JR.,

                Plaintiff,

         - against -

SUFFOLK COUNTY, et al.,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2265 (PKC) (AYS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Eddie Joe Johnson Jr. brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that he was denied proper medical care while being held at Suffolk County Correctional Facility Riverhead ("Riverhead facility") and Suffolk County Correctional Facility Yaphank ("Yaphank facility").[1] (Compl., Dkt. 1.) Plaintiff asserts claims against Suffolk County, Suffolk County Correctional Facility, Vincent Geraci, Jane Does #1–7, John Does #1–6, "Mr. Daly," "Deputy Warden Daly," "Franchi," and "Joe" (last name unknown) (collectively, "Defendants").

Plaintiff has filed two requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (First IFP Mot., Dkt. 2; Second IFP Mot., Dkt. 6.) Plaintiff's first IFP motion is granted, and the second is denied as moot. Further, for the reasons discussed below, Plaintiff's claims against Defendants Suffolk County, Suffolk County Correctional Facility, and Warden Franchi are dismissed with leave to amend. Plaintiff's claims against the remaining Defendants shall proceed.

---

[1] At the time of filing, Plaintiff was being held at the Riverhead facility, (Compl., Dkt. 1, at 1), but he has since been released from custody, (Not., Dkt. 9).

## BACKGROUND[2]

Plaintiff states that on February 20, 2025, on the second floor (west/south) at the Riverhead facility, he was let out of confinement to use the telephone, shower, and have general recreation. (Compl., Dkt. 1, at ECF[3] 4–5.) During this time, he contracted something in the shower that caused a skin reaction on the back of his left hand. (*Id.* at ECF 5.) Though Plaintiff "drop[ped] chits"[4] and repeatedly notified corrections officers and nurses of his condition in accordance with "procedure," his condition "was left unchecked" and "untreated" throughout his incarceration at the Riverhead facility. (*Id.*)

On February 25, 2025, Plaintiff was transferred to the Yaphank facility; by that time, "[his] condition considerably worsened [and] was clearly visibly spreading from [his] left hand to [his] right hand [and] spreading up both arms." (*Id.*) Plaintiff continued "to drop medical chits" and to notify correction officers of his condition. (*Id.*) Plaintiff states that it was not until approximately March 10, 2025, that a housing officer contacted medical staff for emergency care after noticing that the reaction had spread across his upper and lower extremities, torso, and back. (*Id.*) When Plaintiff was eventually seen by medical staff, he was first evaluated by Physician Jane Doe #1, who alerted Dr. Vincent Geraci, who diagnosed Plaintiff with Stevens-Johnson syndrome and prescribed an aggressive steroid regimen. (*Id.* at 6.) But Plaintiff alleges that this diagnosis "turned out to be wrong," as treatment was ineffective and his "condition persisted." (*Id.*) As of

---

[2] The Court accepts all well-pleaded factual allegations as true for the purposes of this Memorandum & Order. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[4] The Court infers that "dropping chits" refers to the process of submitting a form in order to seek medical help.

April 18, 2025, Plaintiff's "condition has worsened[,] leaving permanent scarring." (*Id.*) Plaintiff has "trouble sleeping," his "heartbeat flutters," and "the skin on [his] hands, legs[, and] ankles ha[s] peeled away[,] leaving a layer that itches [and] burns simultaneously." (*Id.*) At the time of Plaintiff's Complaint, he "ha[d] yet to see an outside doctor," even though he "requested many many times." (*Id.*) Plaintiff further alleges that Defendant Deputy Warden Daly eventually personally observed Plaintiff's condition, but did nothing to better the situation. (*Id.*) Plaintiff states that he is "still itching, burning, peeling[, and] suffering personal injury [and] permanent disfigurement." (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

## DISCUSSION

### I. Section 1983

Plaintiff brings this action under 42 U.S.C. § 1983 ("Section 1983"), which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

### II. Suffolk County Correctional Facility

Plaintiff seeks to bring a claim against Defendant Suffolk County Correctional Facility. But "[u]nder New York . . . law, an entity" like a jail "that is merely an administrative arm of a municipality does not have a legal identity separate from the municipality, and therefore, cannot be sued." *James v. Riverhead Cnty. Jail*, No. 19-CV-1175 (KAM) (GRB), 2019 WL 13450559, at *2 (E.D.N.Y. Oct. 30, 2019) (collecting cases); *see also Mallahan v. Suffolk Cnty. Sheriff's Off.*, No. 18-CV-4316 (JS) (GRB), 2018 WL 4100499, at *2 (E.D.N.Y. Aug. 28, 2018) (explaining same and dismissing case against Suffolk County Sheriff's Office and Suffolk County Corrections

Department). Accordingly, the Court dismisses Plaintiff's claims against Defendant Suffolk County Correctional Facility pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

### III. Suffolk County

Plaintiff also brings claims against the municipality, Suffolk County. Municipal liability under Section 1983 is limited by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). To impose liability on a municipality, a plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. *See Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 137 (2d Cir. 1999) (explaining that "actions by an official 'whose edicts or acts may fairly be said to represent official policy' may expose the municipality to liability under § 1983" (quoting *Monell*, 436 U.S. at 694)). Plaintiff does not allege any unconstitutional policy or custom attributable to Suffolk County that would confer municipal liability, and so the Court dismisses his claims against Defendant Suffolk County pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). *See Langhorne v. Cnty. of Suffolk*, No. 23-CV-0249 (RPK) (SIL), 2023 WL 3322333, at *2 (E.D.N.Y. May 9, 2023) (dismissing *pro se* plaintiff's claims against Suffolk County).

### IV. Franchi

Though Plaintiff names Franchi[5] as a Defendant and includes Franchi in the list of Defendants in the body of the Complaint, (Compl., Dkt. 1, at ECF 3), Plaintiff does not set forth any factual allegations against Franchi.

---

[5] Plaintiff identifies Defendant Franchi as a Warden. (Compl., Dkt. 1, at ECF 3.) The Court notes, as a matter of public record, that Michael Franchi is the Warden of the Suffolk County Sheriff's Office, which runs both the Riverhead and Yaphank facilities. *See* https://www.suffolkcountysheriffsoffice.com/command-staff-1 (last visited August 1, 2025).

5

"[W]here a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate." *Hobbs v. Dep't of Transp. N.Y.C.*, No. 20-CV-0512 (CM), 2020 WL 1140794, at *3 (S.D.N.Y. Mar. 6, 2020) (citations omitted). Furthermore, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (collecting cases). To establish personal involvement, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). In addition, the theory of *respondeat superior*[6] is not available in a § 1983 action. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Here, because Plaintiff fails to plead any facts to show that Defendant Franchi had any personal involvement in any of the events asserted in his Complaint, the Court dismisses Plaintiff's claims against Defendant Franchi pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

## V.  Leave to Amend

As Plaintiff is proceeding *pro se*, the Court grants him leave to file an amended complaint regarding his claims against any of the dismissed Defendants, i.e., Suffolk County Correctional Facility, Suffolk County, and Franchi, by September 5, 2025. Should Plaintiff wish to pursue his claim against Suffolk County, he should describe why,f if at all, a municipal policy or custom caused a deprivation of his rights; should Plaintiff wish to pursue his claim against Defendant

---

[6] *Respondeat superior* is "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *Respondeat Superior*, Black's Law Dictionary (12th ed. 2024).

6

Franchi, he should describe how, if at all, Defendant Franchi was personally involved with any of the events alleged in his Complaint. *See Myers v. Island*, No. 24-CV-6694 (NCM) (TAM), 2025 WL 406211, at *3 (E.D.N.Y. Feb. 5, 2025) (dismissing *pro se* case with leave to amend).

## VI. Valentin Order

The Court cannot direct service on the Jane and John Doe Defendants. The Court therefore requests, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), that the Suffolk County Attorney ascertain the full names and service addresses of the Jane and John Doe corrections officers and nurses who were allegedly involved in the events that occurred on the second floor (west/south) of the Riverside Facility between February 20 and February 25, 2025, as well as those who allegedly failed to provide Plaintiff with proper medical care at the Yaphank facility after Plaintiff was transferred there on February 25, 2025. This includes the individual whom Plaintiff identifies as "Joe," described as the head of medical. The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this time. This Order merely provides a means by which Plaintiff might name and properly serve these Defendants as instructed by the Second Circuit in *Valentin*.

The Suffolk County Attorney is hereby requested to produce the information specified above by September 5, 2025. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names and service addresses of these Defendants, a summons shall issue, and the United States Marshals Service shall serve the summons, Complaint, and this Order upon these remaining Defendants without prepayment of fees.

## CONCLUSION

Plaintiff's first IFP motion is granted, and the second is denied as moot. Plaintiff's claims against Defendants Suffolk County, Suffolk County Correctional Facility, and Franchi are

7

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Plaintiff's claims against the remaining Defendants shall proceed. If Plaintiff intends to file an amended complaint to clarify his claims against the dismissed Defendants, he should do so by September 5, 2025. Should Plaintiff fail to timely file an amended complaint, this case will remain dismissed against Defendants Suffolk County Correctional Facility, Suffolk County, and Franchi.

For information regarding court procedures, Plaintiff may contact the Pro Se Office at the United States Courthouse in Brooklyn by calling 718-613-2665 or the Pro Se Office at the United States Courthouse in Central Islip by calling 631-712-6060.

The Clerk of Court is respectfully directed to issue a summons against Defendants Dr. Vincent Geraci and Deputy Warden Daly. The United States Marshals Service is directed to serve the summons, Complaint, and this Order upon these Defendants, without prepayment of fees.

The Clerk of Court is also respectfully directed to send a copy of this Order and a courtesy copy of the Complaint to the Suffolk County Attorney. The Suffolk County Attorney is directed to produce the information specified above by September 5, 2025.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 6, 2025
Brooklyn, New York

8